IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RITA HUSKE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12cv583 |
| | § | |
| TYSON FOODS, INC. | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court are Defendant Tyson Foods, Inc.'s Motion for Summary Judgment (Dkt. 18) and Defendant's Motion to Strike and Objections to Plaintiff's Summary Judgment Evidence (Dkt. 27). As set forth below Defendant's objections to Plaintiff's summary judgment evidence are overruled and the Motion to Strike Summary Judgment Evidence (Dkt. 27) is DENIED. Further, because the Court finds that there are genuine issues of material fact, that Defendant's Motion for Summary Judgment (Dkt. 18) should be DENIED and that a jury should hear the case.

### FACTUAL BACKGROUND

Most of the background to this case is not in dispute. Ms. Huske was a long time employee of Tyson's, who was employed at a number of locations and ultimately relocating to Sherman as a Complex Human Resources Manager. It is her position that, after an unsuccessful union campaign by hourly maintenance employees, she was removed from her position. She claims that she was told that she "did not know how to work the gray area." She claims that she was effectively discharged.

1

Tyson claims that she was not discharged but was given the opportunity to work elsewhere and was even given three months to find a roosting place at another facility. Huske's background was pork, while much of Tyson's business is poultry.

On July 22, 2013, Defendant filed a motion for summary judgment, arguing that the undisputed material facts establish that there is no genuine issue as to any material fact and that Plaintiff's claims of age and gender discrimination fail as a matter of law. On August 15, 2013, Plaintiff filed her response in opposition.

### STANDARD

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting FED. R. CIV. P. 56(a)). When considering a motion for summary judgment, a court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013).

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

Defendant has objected to the Court's consideration of Plaintiff's Exhibits G, H, I, J, K, L, and O, as well as portions of Plaintiff's declaration. The objections are overruled. The Court finds that the contents of the declaration are based on personal knowledge and has considered those portions of the declaration that are relevant to the analysis here.

2

Defendant also seeks to strike Exhibits G, H, I, J, K, L, and O, arguing that they are unauthenticated and they are hearsay. Exhibits G, H, I, J, K and L to Plaintiff's response were produced by Tyson. Exhibit O is a press release authored by Defendant. Arguably they could qualify as business records of Tyson if Tyson regularly maintains these type of records. And, as Plaintiff's counsel points out, Exhibits G, H, I and J were produced by the Commission as records of that Commission. The Court believes Tyson's objections notwithstanding that these documents either do not constitute hearsay or would be admissible under Federal Rules of Evidence 803(8) or 807. Therefore, the Court has considered them.

## ANALYSIS

Defendant seeks summary judgment as to Plaintiff's claims of age and gender discrimination. Under the *McDonnell Douglas* test, a Title VII plaintiff alleging gender discrimination must show (1) that she is a member of a protected class; (2) that she was qualified for the position sought; (3) that she was subject to an adverse employment action; and (4) that she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class. *Fahim v. Marriott Hotel Servs.,* 551 F.3d 344, 350 (5th Cir. 2008) (citations omitted). *Breaux v. City of Garland,* 205 F.3d 150, 157 (5th Cir. 2000) ("Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote*,* and reprimands."). If the plaintiff can present a *prima facie* case, the burden shifts to the defendant to rebut the plaintiff's case by demonstrating a "legitimate, non discriminatory justification for its actions." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). If the defendant offers such a justification, the

burden shifts back to the plaintiff, who can attempt to show that the defendant's proffered reason is simply a pretext for discrimination. *Id*.

For age discrimination, a plaintiff must show she was within the protected class; qualified for her position, suffered an adverse employment decision and replaced by someone younger or treated less favorably than similarly situated younger employees. *See Smith v. City of Jackson, Miss.*, 351 F.3d 183,196 (5th Cir. 2003). "Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). The Supreme Court has held that, in the context of age discrimination, a plaintiff must show that age was the reason the employer decided to act. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176, 129 S Ct. 2343, 2350, 174 L.Ed.2d 119 (2009).

Having reviewed the record here, the Court finds that Plaintiff, a 50 year-old woman, has proffered sufficient summary judgment evidence to create a fact issue as to a *prima facie* case for sex and age discrimination. There is no dispute that Plaintiff was qualified for her job or that she is a member of a protective class. Further, the summary judgment record contains evidence showing Plaintiff suffered an adverse employment action – she was removed from her position and was not offered another position after applying for three of the five for which she was eligible. All of those alternative positions were for less pay. And there is evidence that Plaintiff was replaced by a

younger male. She has pointed to sufficient facts to establish a prima facie case of discrimination to survive summary judgment.

The question now is whether Defendant has stated a legitimate reason for termination or whether it is just a pretext for discrimination. According to the affidavit of Tyson VP Dan Serrano submitted by Tyson in support of its motion, Ms. Huske was asked to leave the plant by Eloy Barajas who was the Human Resource Director over the Sherman plant. Serrano was a member of the union avoidance team. According to Serrano, Ms. Huske was not a team player in that team members complained about Ms. Huske's lack of respect for the team. Serrano claims that, because of Ms. Huske, plant personnel wanted a union. Serrano states that he and another individual decided that Ms. Huske should be removed from the plant due to complaints received during the campaign and should be allowed to apply for other positions at other plants. Serrano says that Huske's departure was shown as a layoff because she failed to pursue other work within the company and Tyson wanted her to collect unemployment while she looked elsewhere for work.

Further, according to the deposition of Mike Gerleman, Huske was let go because for her "everything was black and white" and her superiors wanted someone who could operate in the "gray." Her superiors claimed she was too blunt. She didn't smile enough. In other words, she ruffled too many feathers in her job. There is sufficient summary judgment evidence to create a fact issue regarding a legitimate reason for Plaintiff's termination.

Nonetheless, the summary judgment evidence also demonstrates that Defendant's reasons for Plaintiff's "separation" from Tyson were inconsistent and create a fact issue as to their pretextual

5

nature. For example, although Defendant relies on the union campaign as a reason for termination, Huske's immediate supervisor received a write up and reduction in his bonus as a result of the union campaign but appears to still be working at the plant. Plaintiff claims that when Serrano came down for the initial union campaign, he said they were gearing up for the "big event." When Huske inquired what the big event was, she was told it was "something like firing Rita (Huske)."

Plaintiff's immediate supervisor also acknowledged that Plaintiff had never received a written reprimand due to work related issues. Indeed, Barajas's deposition was taken, but he could not identify specific incidents where Huske was unprofessional. About the only seed he could throw was that Huske was rude, but he could not identify any instance where she was in fact unprofessional.

Barajas testified that she was permanently laid off. He contends that she was laid off for her behavior. And yet, he acknowledges that Huske had a pretty good work record for her twenty nine years of work.

Further, at the time Plaintiff was told she was being terminated, Barajas told her that she had three months to identify another position in the company. Although there were other positions available at different plants, Huske only applied for two positions and ultimately withdrew her name from consideration as to one of the positions. Huske says to take the position would have been a reduction in pay and Tyson would not pay relocation expenses.

Exhibit F to Plaintiff's summary judgment response, Tyson's "Separation Notification Form" for Huske, contradicts Defendant's position as to the circumstances of the end of Plaintiff's time at

6

Tyson. *See* Dkt. 22-7. The company document notes that Huske's termination was involuntary and attributed to a permanent layoff. There is absolutely no other reason given for her termination on the form. In box 21, Tyson could have stated that she just couldn't operate in the gray area, she didn't smile enough, she was just too blunt, or she "ruffled too many feathers." Tyson could have also put this in the Comments section of the form, but that portion of the form is blank and no additional reason for her "separation" is given. The absence of additional reasons or information demonstrates the fact issue as to pretext here.

The Court finds that Plaintiff's right to jury trial should be preserved and that a jury from the community should determine whether there is an actionable claim. Plaintiff has pointed out sufficient fact issues to defeat summary judgment.

There were multiple reasons given for Plaintiff's termination. According to the record before the Court, at one point, Tyson took the position that Plaintiff was not terminated. Then, one of Huske's managers stated that he did not know why she was terminated. Her immediate supervisor only received a reprimand for botching the unionization effort. Huske was either laid off, terminated, temporarily laid off, reassigned, demoted, or offered a lower paying position for her role in the effort. The record presents a sufficient fact issue to proceed to trial.

### RECOMMENDATION

The Court recommends that Defendant Tyson Foods, Inc. files this Motion for Summary Judgment (Dkt. 18) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 29th day of October, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE